GDB/RRR: USAO 2019R00744

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | * |
| **VANTINO JOHNSON and** | * |
| **REMY BEAMON,** | * |
| | * |
| **Defendants** | * |
| | * |
| | * |
| | * |
| | * |

CRIMINAL NO. PX 19cr 570

(Bank Fraud Conspiracy, 18 U.S.C.
§ 1349; Bank Fraud, 18 U.S.C.
§ 1344; Aggravated Identity Theft,
18 U.S.C. § 1028A(a)(1); Aiding
and Abetting, 18 U.S.C. § 2;
Forfeiture 18 U.S.C. § 982(a)(2),
21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))

*******

## INDICTMENT

### COUNT ONE
### (Bank Fraud Conspiracy)

### Introduction

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1.      PNC Bank ("PNC"), Bank of America ("BOA"), Arlington Community Federal Credit Union ("ACFCU"), Navy Federal Credit Union ("NFCU"), Citibank, M&T Bank, and Wells Fargo Bank ("Wells Fargo") were financial institutions within the meaning of 18 U.S.C. § 20 and had their deposits insured by the Federal Deposit Insurance Corporation and the National Credit Union Administration (the "victim financial institutions").

2.      A "means of identification," as defined in 18 U.S.C. § 1028(d)(7), was any name or number that could be used alone or in conjunction with any other information to identify a specific individual, including any name and unique electronic identification number, address, and routing code.

3.      A United States Postal Service arrow key was a physical key issued to postal employees to open arrow locks, which were the locks on collection boxes, apartment panel boxes, and central neighborhood mailboxes.

### The Conspiracy

4.      Between in or about May 2019 and in or about October 2019, in the District of Maryland and elsewhere, the defendants,

### VANTINO JOHNSON and
### REMY BEAMON,

knowingly and willfully combined, conspired, confederated, and agreed with persons known and unknown to the Grand Jury to execute a scheme and artifice to defraud the victim financial institutions, and to obtain and attempt to obtain money, funds, credits, assets, and securities owned by and under the custody and control of the victim financial institutions by means of materially false and fraudulent pretenses, representations, and promises (the "scheme to defraud"), in violation of 18 U.S.C. § 1344.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and the scheme to defraud that:

5.      **JOHNSON** and **BEAMON** entered United States Post Offices in Maryland and North Carolina ("the victim post offices") to purchase low-value United States Postal Service money orders ("money orders") to determine where the victim post offices stored blank money orders.

6.      **JOHNSON** and **BEAMON** returned to the victim post offices to steal blank money orders.

7.      **JOHNSON** and **BEAMON** used one or more printers to alter the blank money orders so that the money orders fraudulently reflected being issued for high-dollar amounts, usually for $800 and $1,000 ("the fraudulent money orders").

8.      **JOHNSON** and **BEAMON** took control of financial accounts ("the fraudulent accounts") using the names and identities of others individuals ("the identity theft victims") at the victim financial institutions.

9.      **JOHNSON** and **BEAMON** used the identity theft victims' means of identification to deposit the fraudulent money orders into the fraudulent accounts.

10.     **JOHNSON** and **BEAMON** used debit cards assigned to the fraudulent accounts to spend and withdraw money that was credited to the fraudulent accounts when the coconspirators negotiated the fraudulent money orders.

### Overt Acts

11.     In furtherance of the conspiracy and to effect the objects thereof, the defendants and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

a.      In or about May 2019, a member of the conspiracy stole blank money orders from a United States Post Office in Davidsonville, Maryland (the "Davidsonville Post Office").

b.      On or about May 29, 2019, a member of the conspiracy stole blank money orders from a United States Post Office in Harwood, Maryland (the "Harwood Post Office").

c.      On or about June 5, 2019, a member of the conspiracy stole blank money orders from the Harwood Post Office.

d.      On or about May 29, 2019, in Largo, Maryland, **JOHNSON** deposited six money orders that had been stolen from the Harwood Post Office and altered to reflect being issued for $800 or $1,000 into a PNC account ending in 2096 ("PNC 2096"), which had been opened using Individual 1's means of identification.

e.      On or about June 3, 2019, in Charlotte, North Carolina, **JOHNSON** deposited five money orders that had been stolen from the Harwood Post Office and the Davidsonville Post Office and altered to reflect being issued for $800 or $1,000 into a PNC account ending in 1878 ("PNC 1878"), which had been opened using Individual 2's means of identification.

f.      On or about June 28, 2019, in Charlotte, North Carolina, **JOHNSON** deposited six money orders that had been stolen from the Harwood Post Office and the Davidsonville Post Office and altered to reflect being issued for $800 or $1,000 into a PNC account ending in 3213 ("PNC 3213"), which had been opened using Individual 3's means of identification.

g.      On or about July 2, 2019, in Charlotte, North Carolina, **JOHNSON** deposited four money orders that had been stolen from the Harwood Post Office, a United States Post Office in Mount Holly, North Carolina (the "Mount Holly Post Office") and a United States Post Office in Lowell, North Carolina (the "Lowell Post Office"), and altered to reflect being issued for $1,000, into a PNC account ending in 6211 ("PNC 6211"), which had been opened using Individual 4's means of identification.

h.      On or about July 15, 2019, a member of the conspiracy stole blank money orders from the Harwood Post Office.

i.      On or about July 17, 2019, in Largo, Maryland, **JOHNSON** deposited four money orders that had been stolen from the Harwood Post Office and the Mount Holly Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 7195 ("PNC 7195"), which had been opened using Individual 5's means of identification.

j.      On or about July 23, 2019, in Waldorf, Maryland, **JOHNSON** deposited five money orders that had been stolen from the Harwood Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 4821 ("PNC 4821"), which had been opened using Individual 6's means of identification.

k.      On or about July 24, 2019, in Bowie, Maryland, **JOHNSON** deposited four money orders that had been stolen from the Harwood Post Office and altered to reflect being issued for $1,000 into PNC 4821, which had been opened using Individual 6's means of identification.

l.      On or about July 25, 2019, in Bowie, Maryland, **BEAMON** deposited six money orders that had been stolen from the Harwood Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 9159 ("PNC 9159"), which had been opened using Individual 7's means of identification.

m.      On or about August 6, 2019, a member of the conspiracy purchased a $5 money order using cash at a United States Post Office in Pomfret, Maryland (the "Pomfret Post Office").

n.      On or about August 6, 2019, a member of the conspiracy stole blank money orders from the Pomfret Post Office.

o.      On or about August 7, 2019, in Potomac, Maryland, **BEAMON** deposited four money orders that had been stolen from the Pomfret Post Office and altered to reflect being

issued for $1,000 into a PNC account ending in 6902 ("PNC 6902"), which had been opened using Individual 8's means of identification.

    p.  On or about August 7, 2019, in Gaithersburg, Maryland, **BEAMON** deposited six money orders that had been stolen from the Pomfret Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 0578 ("PNC 0578"), which had been opened using Individual 9's means of identification.

    q.  On or about August 13, 2019, a member of the conspiracy purchased a $5 money order at a United States Post Office in Saint Leonard, Maryland (the "Saint Leonard Post Office").

    r.  On or about August 13, 2019, a member of the conspiracy purchased a $2.50 money order using cash at a United States Post Office in Port Republic, Maryland (the "Port Republic Post Office").

    s.  On or about August 13, 2019, a member of the conspiracy stole blank money orders from the Port Republic Post Office.

    t.  On or about August 13, 2019, in Solomons, Maryland, **BEAMON** deposited six money orders that had been stolen from the Port Republic Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 7016 ("PNC 7016"), which had been opened using Individual 10's means of identification.

    u.  On or about August 13, 2019, in Prince Frederick, Maryland, **JOHNSON** deposited five money orders that had been stolen from the Port Republic Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 5501 ("PNC 5501"), which had been opened using Individual 11's means of identification.

      v.      On or about August 14, 2019, a member of the conspiracy purchased a $2 money order using cash at a United States Post Office in Bryantown, Maryland (the "Bryantown Post Office").

      w.      On or about August 14, 2019, a member of the conspiracy stole blank money orders from the Bryantown Post Office.

      x.      On or about August 14, 2019, in Hollywood, Maryland, **JOHNSON** deposited six money orders that had been stolen from the Port Republic Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 9626 ("PNC 9626"), which had been opened using Individual 12's means of identification.

      y.      On or about August 14, 2019, in Lexington Park, Maryland, **JOHNSON** deposited six money orders that had been stolen from the Port Republic Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 7935 ("PNC 7935"), which had been opened using Individual 13's means of identification.

      z.      On or about August 14, 2019, in Charlotte Hall, Maryland, **BEAMON** deposited six money orders that had been stolen from the Port Republic Post Office and altered to reflect being issued for $1,000 into a PNC account ending in 7032 ("PNC 7032"), which had been opened using Individual 10's means of identification.

      aa.      On or about August 14, 2019, in Leonardtown, Maryland, **BEAMON** deposited six money orders that had been stolen from the Port Republic Post Office and the Pomfret Post Office, and altered to reflect being issued for $1,000 into a PNC account ending in 2319 ("PNC 2319"), which had been opened using Individual 14's means of identification.

      bb.      On or about August 16, 2019, in Charlotte, North Carolina, **JOHNSON** deposited five money orders that had been stolen from the Port Republic Post Office and altered

to reflect being issued for $1,000 into a PNC account ending in 7083 ("PNC 7083"), which had been opened using Individual 15's means of identification.

        cc.    On or about August 26, 2019, in Gastonia, North Carolina, **JOHNSON** deposited five money orders that had been stolen from a United States Post Office in Mount Pleasant, North Carolina (the "Mount Pleasant Post Office"), and altered to reflect being issued for $800 or $1,000, into a PNC account ending in 0217 ("PNC 0217"), which had been opened using Individual 16's means of identification.

        dd.    On or about October 17, 2019, **JOHNSON** possessed money orders that had been stolen from the Harwood and Davidsonville Post Offices, among others, and altered to reflect being issued for $800 or $1,000.

        ee.    On or about October 17, 2019, **BEAMON** possessed a United States Postal Service arrow key and at least one money order that had been stolen from the Harwood Post Office and altered to reflect being issued for $1,000.


18 U.S.C. § 1349

## COUNTS TWO THROUGH ELEVEN

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

### The Scheme to Defraud

2.    Between in or about May 2019 and in or about October 2019, in the District of Maryland and elsewhere, the defendants,

**VANTINO JOHNSON and
REMY BEAMON,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud PNC and to obtain monies, funds, credits, assets, and securities owned by and under the control of PNC, by means of false and fraudulent pretenses, representations and promises ("the scheme to defraud").

### The Charges

3.    On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants,

**VANTINO JOHNSON and
REMY BEAMON,**

did knowingly and willfully execute and attempt to execute the scheme to defraud as follows:

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| 2 | May 29, 2019 | In Largo, Maryland, **JOHNSON** deposited six altered money orders into PNC 2096. |
| 3 | July 24, 2019 | In Bowie, Maryland, **JOHNSON** deposited four altered money orders into PNC 4821. |
| 4 | July 25, 2019 | In Bowie, Maryland, **BEAMON** deposited six altered money orders into PNC 9159. |

| COUNT | DATE | DESCRIPTION |
|:---:|:---:|:---|
| **5** | August 7, 2019 | In Gaithersburg, Maryland, **BEAMON** deposited four altered money orders into PNC 6902. |
| **6** | August 7, 2019 | In Potomac, Maryland, **BEAMON** deposited four altered money orders into PNC 0578. |
| **7** | August 13, 2019 | In Solomons, Maryland, **BEAMON** deposited six altered money orders bearing serial numbers into PNC 7016. |
| **8** | August 13, 2019 | In Prince Frederick, Maryland, **JOHNSON** deposited five altered money orders into PNC 5501. |
| **9** | August 14, 2019 | In Charlotte Hall, Maryland, **BEAMON** deposited six altered money orders into PNC 7032. |
| **10** | August 14, 2019 | In Leonardtown, Maryland, **BEAMON** deposited six altered money orders into PNC 2319. |
| **11** | August 14, 2019 | In Hollywood, Maryland, **JOHNSON** deposited six altered money orders into PNC 9626. |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWELVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about May 29, 2019, in the District of Maryland, the defendant,

### VANTINO JOHNSON,

knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, Individual 1's name and bank account number, during and in relation to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Two of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT THIRTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about July 24, 2019, in the District of Maryland, the defendant,

### VANTINO JOHNSON,

knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, Individual 6's name and bank account number, during and in relation to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Three of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

12

## COUNT FOURTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about July 25, 2019, in the District of Maryland, the defendant,

### REMY BEAMON,

knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, Individual 7's name and bank account number, during and in relation to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Four of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

13

## COUNT FIFTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about August 7, 2019, in the District of Maryland, the defendant,

**REMY BEAMON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, Individual 8's name and bank account number, during and in relation to Bank

Fraud under 18 U.S.C. § 1344, as charged in Count Five of this Indictment and incorporated

here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

14

## COUNT SIXTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.     On or about August 7, 2019, in the District of Maryland, the defendant,

**REMY BEAMON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, Individual 9's name and bank account number, during and in relation to Bank

Fraud under 18 U.S.C. § 1344, as charged in Count Six of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

15

## COUNT SEVENTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about August 13, 2019, in the District of Maryland, the defendant,

**REMY BEAMON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, Individual 10's name and bank account number, during and in relation to Bank

Fraud under 18 U.S.C. § 1344, as charged in Count Seven of this Indictment and incorporated

here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

16

## COUNT EIGHTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

3.       Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

4.       On or about August 13, 2019, in the District of Maryland, the defendant,

**VANTINO JOHNSON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, Individual 11's name and bank account number, during and in relation to Bank

Fraud under 18 U.S.C. § 1344, as charged in Count Eight of this Indictment and incorporated

here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

17

## COUNT NINETEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 3 and 5 through 11 of Count One are incorporated here.

2.      On or about August 14, 2019, in the District of Maryland, the defendant,

**REMY BEAMON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, the name, Individual 14's name and bank account number, during and in relation

to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Ten of this Indictment and

incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

18

## COUNT TWENTY
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 11 of Count One are incorporated here.

2.      On or about August 14, 2019, in the District of Maryland, the defendant,

**VANTINO JOHNSON,**

knowingly possessed and used, without lawful authority, a means of identification of another

person, to wit, Individual 12's name and bank account number, during and in relation to Bank

Fraud under 18 U.S.C. § 1344, as charged in Count Eleven of this Indictment and incorporated

here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. Rule 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions on Counts One through Eleven of this Indictment.

2.      Upon conviction of the offenses set forth in Count One through Eleven of this Indictment, the defendants,

### VANTINO JOHNSON and
### REMY BEAMON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses, including but not limited to at least $452,900 in U.S. currency in the form of a money judgment.

3.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by

Title 28, United States Code, Section 2461(c), shall be entitled to forfeiture of substitute property

up to the value of the forfeitable property described above.

18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: December _4_ , 2019